# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00169-CR

**David Joseph Reif, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 66177, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967). Appellant David Joseph Reif pleaded guilty to the offense of assault of a family member, specifically a woman with whom he had a dating relationship, by strangulation. *See* Tex. Penal Code Ann. § 22.01(b)(2)(B) (West 2011). Reif was placed on three years' deferred-adjudication community supervision. The State subsequently filed a motion to adjudicate, alleging that Reif had violated the terms and conditions of his community supervision by, among other things, again assaulting his girlfriend. Reif pleaded true to each of the State's sixteen allegations in the motion to adjudicate. The district court found the allegations in the motion to adjudicate true, adjudicated Reif guilty of the original assault offense as charged, and sentenced Reif to eight years' imprisonment. This appeal followed.

Reif's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Reif was mailed a copy of counsel's brief and advised of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

We observe, however, that the judgment adjudicating guilt contains a clerical error. Specifically, the judgment lists the statute for offense as "22.02 Penal Code." This Court has the authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *see also McDonald v. State*, No. 03-11-00540-CR, 2012 Tex. App. LEXIS 2592, at *2-3 (Tex. App.—Austin Mar. 30, 2012, no pet.) (modifying judgment to correct citation to statute). Accordingly, we modify the judgment to reflect the correct statute for the offense as "22.01(b)(2)(B) Penal Code."

As modified, the judgment adjudicating guilt is affirmed.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Henson

Modified and, as Modified, Affirmed

Filed:   August 16, 2012

Do Not Publish